**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3415
_____

RICHARD SNYDER,
                                        Appellant

v.

CAROLYN SWANSON, Personal Representative of Estate of George Swanson;
ROBERT B. SWANSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 10-cv-00284)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2011

Before: AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 25, 2011)

_____

OPINION
_____

PER CURIAM

Richard Snyder appeals from the order of the United States District Court for the

District of Delaware dismissing his civil action.  On April 8, 2010, Snyder filed his action

in District Court, relating to a matter originating in the Circuit Court of Maryland. On April 20, 2010, the District Court ordered Snyder's document, docketed as a notice of removal, stricken from the docket. Referencing an April 14, 2010 order entered in D. Del. Civ. No. 09-cv-00025, which enjoined Richard and Marion Snyder from filing additional actions regarding their court proceedings in Maryland without prior authorization, the District Court ordered Snyder to file a motion for leave to file, and to attach a copy of the order to the motion. The District Court warned that failure to follow the requirements specified in the April 14, 2010 order would result in dismissal of the case. A copy of the April 14, 2010 order appears in the record as an attachment to the District Court's April 20, 2010 order, and it summarizes the Snyders' long history of proceedings in numerous courts, challenging matters arising from a Maryland bankruptcy proceeding that began in 1999.[1] On July 13, 2010, the District Court dismissed the case, noting that Snyder had failed to comply with the April 20, 2010 order.[2] Snyder appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.

As Snyder notes in his informal brief, his case was filed on April 8, 2010, but the order imposing filing restrictions on the Snyders was filed later, on April 14, 2010. Snyder's argument, as we understand it, is that the District Court erred in enforcing the

---

[1] The Snyders appealed the dismissal of their case in D. Del. Civ No. 09-cv-00025, but they did not separately appeal the later-entered injunction order. We affirmed the District Court's dismissal on December 15, 2010 (C.A. No. 10-2048).

[2] In the meantime, on May 11, 2011, the defendants filed a motion to dismiss. The

2

injunction retroactively to a case that already had been filed before the injunction was issued. Upon review of the record, we agree. In issuing the injunction, the District Court found that the Snyders failed to show good cause why they should not be enjoined from filing any "further" cases as described in the order. Also, under the terms of the injunction order, the clerk's office was directed not to accept any filing fees or specified forms in connection with a motion for leave to file, unless leave to file was granted. In this case, the case had been opened, with the filing fee paid, before the Snyders were enjoined from initiating future cases covered by the terms of the injunction.

To the extent that Snyder raises arguments challenging the propriety of the injunction order itself, or any other arguments relating to other cases or appeals, those matters are not properly before us. We will not address those issues.

For the foregoing reasons, we will vacate the order of the District Court and remand for further proceedings. We express no opinion on the merits of the underlying action.

---

District Court did not rule on the motion.